### LEIBRANDT & McDowell Stove Co. v. Fireman's Ins. Co. of Baltimore.

*(Circuit Court, D. Maryland. May 17, 1888.)*

Insurance—Contribution—Pro Rata Clause—Avoidance of Prior Policy—Increase of Risk.

The goods destroyed were stored in warehouses, the rear of which, at the time the prior insurance was taken out, was connected by an iron door on the fourth floor with two buildings occupied by a candy manufacturer, who also made use of the fourth floor in rear of the warehouses. Appliances were afterwards put into these two buildings for the purposes of a steam bakery, and communications made with adjoining premises. The insurance company having refused to issue a policy allowing this occupation, the assured applied to another company, which took the risk, and issued a policy containing the usual contribution proviso as to additional insurance, prior or subsequent. This policy, in describing the premises, referred to the steam bakery, and the premium charged in it was double that of the prior policy. Fire spread to the warehouses, and the goods were destroyed. *Held*, that the first policy was avoided by the alteration, and that there was, therefore, no double insurance within the terms of the second.

At Law.

*Marshall & Hall*, for plaintiff.

*George Hawkins Williams*, for defendant.

Bond, J. This is a suit at law upon a fire insurance policy, submitted to the court without the intervention of a jury. The issuing of the policy, and the loss by fire of the goods insured to the amount underwritten by the defendant, are admitted. The policy contains the usual clause providing that if there be other insurance the company issuing it would not be responsible for a greater proportion of the loss than the sum insured by its policy bore to the whole amount of insurance, whether prior or subsequent thereto. And the defense to this action is that there was other insurance at the time of the loss by fire.

To sustain this plea the defendant produces a policy of insurance issued by the Orient Insurance Company of Hartford, Conn., on the 30th of April, 1886, for $2,500, which, by a renewal certificate, it appears

was continued in force until the 11th day of August, 1887, at noon. The fire occurred on the morning of the 4th day of August, 1887, not originating in the premises where the property insured was situated, but spreading thereto from other buildings a short distance from them. Each of these policies insured stoves, castings, tin-ware, and other articles in the line of business of the plaintiffs contained in warehouses, described similarly in each, except that defendant's policy describes the rear building on the premises as "communicating with building Nos. 21 and 23 East Pratt street, and together are occupied by a candy manufacturer and steam bakery," while the policy of the Orient Company describes it as communicating by an iron door on the fourth floor with buildings Nos. 145 and 147 Pratt street, occupied by a candy manufacturer, who occupies also the fourth floor of said rear building. Nos. 145 and 147 are the same premises as Nos. 21 and 23 in defendant's policy. It will be seen from this statement of the material parts of the policy that the rear building was connected with Nos. 21 and 23 in the Orient's policy upon its fourth floor only, and that it was occupied by a candy manufacturer on that floor, while under the defendant's policy it was not only so occupied, but likewise by a steam bakery. Application was made to the Orient to issue a policy allowing this occupation, but it was refused.

The premium charged by the defendant company upon the risk it assumed was at the rate of $1.50 per $100, while that premium which the Orient charged, prior to such occupation by a steam bakery, was at the rate of 75 cents per $100. To consider the Orient's policy additional insurance under these circumstances would do violence to the facts. To constitute double insurance, not only must the thing insured and the parties be the same, but the same risk must be assumed. It is clear that the rear building occupied by a candy manufacturer on the fourth floor, while the other floors are occupied as places of storage, does not offer the same risk of fire as it does when it becomes a steam bakery, with the necessary accompaniment of ovens for baking, which the evidence shows were placed in this. And though it be true that no bread or cakes had been baked on the premises up to the time of the fire, yet other communication had been made with adjoining premises, and fire had been made in the bakery oven to dry it before use. And though it is likewise true that the fire which occasioned the loss did not originate in this rear building, that is not necessary to avoid the policy. The change in the occupation of the building was material to the risk. It increased it, of which fact the premium charged by defendant, while not conclusive, is significant, evidence; and, whether the fire occurred by reason of the increased risk or not, the policy of the Orient did not assume it, and was void the moment the change in occupation took place. With this view of the evidence and finding of facts the court is of opinion there was no insurance on the goods and merchandise belonging to the plaintiff lost on the morning of the 4th of August, 1887, other than that of the defendant.

Judgment will be entered for the plaintiff for the whole amount of the loss as ascertained by the adjusters mentioned in the policy of the Fire-

man's Insurance Company, and a credit given for the amount already paid by it as a contributing insurer and accepted by plaintiff without prejudice to his recovery of the whole amount of the policy.